# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 20, 2005

## STATE OF TENNESSEE v. STEVEN BRADLEY HEFLIN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-C-1768     Steve Dozier, Judge**

---

**No. M2004-02680-CCA-R3-CD - Filed September 28, 2005**

---

The defendant, Steven Bradley Heflin, was originally indicted for aggravated assault with a deadly weapon, a Class C felony. The defendant entered an open plea of guilty to reckless aggravated assault with a deadly weapon, a Class D felony, pursuant to Tennessee Code Annotated section 39-13-102(a)(2)(B), as a Range I, standard offender. The defendant was sentenced to four years, to serve nine months with the remainder on probation. The defendant now appeals the sentence, contending that certain enhancement factors were applied in error and that one mitigating factor was improperly rejected. After review, we remand the cause to modify the sentence to three years, to serve nine months and the remainder on probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Remanded for Modification of Sentence**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Ross E. Alderman, District Public Defender; Jeffrey A. DeVasher (on appeal) and Richard Tennent (at trial), Assistant Public Defenders, for the appellant, Steven Bradley Heflin.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and James F. Todd and Tammy Meade, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

During the plea colloquy, the State summarized the factual basis for the plea in the following manner:

> Assistant Attorney General: Had this matter gone to trial, the State's witnesses would testify that on April the 6th of 1999, Officer Steven Duncan was dispatched to the area of Millwood Drive and Murfreesboro Road here in

Nashville, Davidson County. He arrived at that area, was waiting for backup. While he was waiting for backup, the defendant walked up to his marked police cruiser and kicked it. The suspect yelled, come on, mother [expletive deleted]. At that time, he yelled at the officer, he pulled up his shirt, exposing a large knife. Officer Duncan exited the police vehicle. The defendant then pulled the knife from his belt area. Officer Duncan ordered the defendant to drop that knife. Officer Duncan then began retreating to the rear of his vehicle. The defendant then advanced toward Officer Duncan stating, mother [expletive deleted], kill me, I want to die. Officer Duncan retreated again to the passenger side of his cruiser. The defendant advanced again. At that time, Officer Duncan fired one shot from - - fired one shot at the defendant, hitting him in the lower right abdomen. All the events occurred here in Davidson County. Based on those facts, the State recommends the previously announced disposition.[1]

Testimony at the sentencing hearing was heard from the victim, the defendant, the defendant's father, and Mary Ann Hea, a licensed clinical social worker. The trial court also had available for its consideration the presentence report and arguments of counsel.

Steven Duncan, the officer-victim, described how the defendant, armed with a large knife, advanced on him and repeatedly pleaded for Duncan to shoot and kill him. Although the defendant never lunged at Officer Duncan, he ignored the officer's demands to surrender the weapon and kept advancing until Officer Duncan felt compelled to shoot him. The victim said that this experience bothered him emotionally then and that it bothered him to relive the experience through his testimony at the sentencing hearing.

The defendant, who was seventeen at the time of the offense, testified that he was suffering from depression and suicidal thoughts at that time. He related an unusual childhood that included his parents' divorce when he was ten. He described his mother as confined to a wheelchair and as a very devout person, even "somewhat fanatical." The mother viewed the defendant's homosexual father as the "root of all evil." The defendant's mother had sent the defendant to live with a cousin in Biloxi, Mississippi. When the defendant returned, he lived with his father and the father's partner, whom the defendant described as alcoholic and prone to exposing his genitals in the home.

The defendant underwent two weeks of unconsciousness and the near loss of his right leg due to the shooting. He received psychological counseling at Vanderbilt and took antidepressant medications for five to six months. Since the offense, the defendant has been able to hold employment and was eligible to enter Pizza Hut management training before discovery of his outstanding charges was made.

---

[1] The disposition was a plea to reckless aggravated assault with a deadly weapon, under Tennessee Code Annotated section 39-13-102(a)(2)(B), as a Range I, standard offender.

Steven Lynn Heflin, the defendant's father, is blind and suffers from degenerative spine disease. He lives alone in Nashville in a one-bedroom apartment. His sole income is a disability check. He testified that the defendant could reside with him on his release.

Mary Ann Hea, a licensed clinical social worker in the Public Defender's office, testified concerning her meetings with the defendant and a review of his psychological records. She stated that the defendant's records reflected that he was suffering from major depression at the time of the offense. Ms. Hea did not observe any symptoms of depression by the defendant at the present but recommended further individual counseling for referral to psychiatric counseling if needed.

After the sentencing hearing, the trial court found the following four statutory enhancement factors to be applicable:

(1)     The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(2).

(2)     The personal injuries inflicted upon the victim [were] particularly great. Tenn. Code Ann. § 40-35-114(7).

(3)     The defendant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(11).

(4)     The victim of the aggravated assault was a law enforcement officer. Tenn. Code Ann. § 39-13-102(d)(1).

The trial court applied the following statutory mitigating factors:

(1)     The defendant was suffering from a mental . . . condition that significantly reduced the defendant's culpability for the offense. Tenn. Code Ann. § 40-35-113(8).

(2)     The defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct. Tenn. Code Ann. § 40-35-113(11).

The defendant, in challenging his sentence, alleges that the trial court erred in applying the first three enumerated enhancement factors and erred in placing "great weight" on the fourth enhancement factor. The defendant also argues that, in effect, no weight was given the enumerated applicable mitigating factors and that an additional factor, that due to the defendant's youth he lacked substantial judgment, Tennessee Code Annotated section 40-35-113(6), was inappropriately rejected.

The State concedes that enhancement factor (11), the defendant's actions caused high risk to human life, was applied in error. However, the State points out that only minimal weight was given this factor by the trial court. The State maintains that, even after excluding enhancement factor (11), the sentence imposed is justified by the record.

This court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an

affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tennessee Code Annotated section 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tennessee Code Annotated section 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e); State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Madden, 99 S.W.3d 127, 138 (Tenn. Crim. App. 2002); see Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments. Nevertheless, should there be no mitigating factors but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

The defendant argues that the enhancement factor for a previous history of criminal convictions or criminal behavior, Tennessee Code Annotated section 40-35-114(2), should not have been accorded even the minimal weight given it by the trial court. The defendant bases his objection on the fact that the misdemeanor offense was self-reported during the preparation of the pre-sentence report. The defendant cites to State v. George J. Johnson, No. M2002-1054-CCA-R3-CD, 2002

Tenn. Crim. App. LEXIS 1060 (Tenn. Crim. App. at Nashville, Dec. 10, 2002), wherein it was stated:

> Although a relevant factor, we remain mindful of the fact that the pre-sentence report was never intended to serve the purpose of gathering incriminating evidence to punish the offender. The offender is encouraged to be truthful and participate in the preparation of the pre-sentence report in order that information provided may be utilized by the sentencing court in arriving at an individualized sentence. To use the offender's statements within the report against the offender is counterproductive in that it discourages truthfulness and is inconsistent with the purposes of the pre-sentence report.

Id. at *6.

However, George J. Johnson was an appeal from denial of judicial diversion and the self-reported offense was the sole basis for denial of diversion by the trial court. In our view, it is distinguishable from the case at hand as we did in State v. Consuela P. Carter, No. M2002-01100-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 269, at *11 (Tenn. Crim. App. at Nashville, Mar. 27, 2003), appeal denied, State v. Carter, 2003 Tenn. LEXIS 991 (Tenn., Oct. 13, 2003). We conclude that the self-reported offense was relevant but was due only minimal weight as ascribed by the trial court.

Next, the defendant objects to the application of the enhancement factor, that the victim suffered "particularly great" injuries, under Tennessee Code Annotated section 40-35-114(7). The injury which the victim-police officer testified concerning was that it bothered him that he was forced to shoot the defendant. In finding this factor applicable, the trial judge noted that the officer was "about to cry" during his testimony. No other evidence, expert or lay, was offered to show that the psychological injury was particularly great. State v. Arnett, 49 S.W.3d 250 (Tenn. 2001), addressed the amount of proof required to find that psychological or emotional injuries were particularly great under this enhancement factor. "Specific objective examples . . . of the disabling effects of the victim's mental injury obviate the need for expert proof. On the other hand, where the State does not offer specific evidence of the victim's particularly serious injuries, the trial court will not be justified in applying the enhancement factor." Id. at 261.

Two cases of non-expert proof, which set forth examples of specific and objective evidence of mental injury justifying application of this enhancement factor, were discussed in Arnett. Id. at 260. In State v. Smith, 891 S.W.2d 922, 930 (Tenn. Crim. App. 1994), the rape victim was unable to live in her home for three months after the attack, had sought counseling, and arose every thirty minutes to check the security of the locks on the doors and windows while staying overnight with a friend.

In State v. Williams, 920 S.W.2d 247, 259-60 (Tenn. Crim. App. 1995), the victim suffered periods of depression and low esteem, was often unable to work, missed five weeks of college, and availed herself of counseling sessions.

These types of specific and objective examples were conspicuously lacking in the present case. Unquestionably, the experience of being forced to shoot an unstable and threatening individual, who by all outward manifestations sought to commit suicide by policeman, "bothered" the victim policeman. However, the State has not met the test of providing specific and objective examples of disabling or disruptive effects that would make this enhancement factor appropriate. We note that in concluding this enhancement factor was inappropriately applied, it was given only minimal weight by the trial court but was considered in determining the length of the sentence.

The defendant also asserts that bodily injury was an element of the offense. However, the defendant pled to reckless aggravated assault under Tennessee Code Annotated section 39-13-102(a)(2)(B), requiring the defendant to use or display a deadly weapon, as opposed to Tennessee Code Annotated section 39-13-102(a)(2)(A), which relies on bodily injury as an element of the crime. Application of the enhancement factor would be appropriate for the reason stated.

The State does not challenge the defendant's contention that enhancement factor (11), high risk to human life, was improper. We agree. This enhancement factor, as to the victim, is an essential element of the offense and thus precluded for enhancement by Tennessee Code Annotated section 40-35-114. There was no evidence of any other person endangered by the defendant's actions.

The defendant contends that the trial court should have applied an additional mitigating factor that, because of his youth, the defendant lacked substantial judgment in committing the offense. Tenn. Code Ann. § 40-35-113(6). The record established that the defendant was seventeen years old at the time of the offense and that the case was transferred from the juvenile court. The State argues that the defendant was less than a year from becoming eighteen and was "not a novice to the criminal justice system." The evidence, however, does not support the State's contention. The defendant did not have an extensive record of offenses and was the product of a deeply conflicted family, which exacerbated his immaturity. We conclude that the evidence supports the applicability of this mitigating factor.

## Conclusion

As a result of our review, there are two remaining enhancement factors: a previous history of criminal convictions or criminal behavior, Tenn. Code Ann. § 40-35-114(2); and the victim of the aggravated assault was a police officer, Tenn. Code Ann. § 39-13-102(d)(1). The trial court assigned minimal weight to the first and great weight to the second enhancement factor. There are three mitigating factors: (1) the defendant was suffering from a mental condition that significantly reduced the defendant's culpability, Tenn. Code Ann. § 40-35-113(8); (2) the defendant, although guilty of the crime, committed the offense under such unusual circumstances that it is unlikely that a sustained intent to violate the law motivated his conduct, Tenn. Code Ann. § 40-35-113(11); and (3) that because of his youth, the defendant lacked substantial judgment in committing the offense, Tenn. Code Ann. § 40-35-113(6).

Accordingly, we modify the sentence to three years, with nine months to be served in incarceration and the remainder on probation. All conditions of mental assessment contained in the original judgment shall remain in effect. The cause is remanded for modification of judgment.

_____

JOHN EVERETT WILLIAMS, JUDGE